XAVIER BECERRA, State Bar No. 118517
Attorney General of California
NIROMI W. PFEIFFER, State Bar No. 154216
Supervising Deputy Attorney General
DARRELL W. SPENCE, State Bar No. 248011
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6089
 Fax: (916) 324-5567
 E-mail: Darrell.Spence@doj.ca.gov
*Attorneys for Defendants Governor's Office and the Department of Managed Health Care*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>**EDMUND G. BROWN, JR.,** in his official capacity as Governor of the State of California, and Shelley Rouillard, in her official capacity as the Director of the California Department of Managed Health Care,<br><br>Defendants. | 2:16-cv-02441 MCE-EFB<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: TBD<br>Time: TBD<br>Dept: 7<br>Judge: The Honorable Morrison C. England, Jr.<br>Trial Date: None Set<br>Action Filed: 10/13/2016 |

The Court has requested that the parties provide further briefing on the sole issue of whether Assembly Bill 72's (AB 72 or the Act) independent dispute resolution process meets the constitutional requirements of procedural due process in the context of a facial challenge to the Act.[1] The Act passes constitutional muster because the dispute resolution process does not violate Plaintiff's due process rights, but rather affords a speedy and less costly process for

---

[1] As a preliminary matter, it should be noted that the Act provides for interim reimbursement at a default rate to an out-of-network provider if an agreement for reimbursement cannot be reached. Hence, the IDRP concerns only the difference between the amount demanded by the provider and the amount paid to the provider pursuant to the default rate.

1

resolution of reimbursement disputes, and any decision remains subject to judicial challenge if any party seeks to initiate a court proceeding.

## THE IDRP PROVISION

Under the Act, the independent dispute resolution process (IDRP) is one of the steps in the process for resolving reimbursement disputes between out-of-network providers and health care service plans (Plan).[2] Cal. Health & Safety Code § 1371.30(a)(1), (b)(1). If a provider disagrees with the amount of reimbursement, it may appeal the decision to IDRP. Cal. Health & Safety Code § 1371.30(a)(1). The Act permits a physician group, independent practice association, or other entity authorized to act on behalf of a provider to initiate and participate in IDRP. Cal. Health & Safety Code § 1371.30(b)(4). If a party appeals a claim to IDRP, the other party must participate in the process. Cal. Health & Safety Code § 1371.30(a)(3).

Under the Act, an "independent organization" must conduct the proceedings. Cal. Health & Safety Code § 1371.30(c)(1). The independent organization handling a dispute shall be independent of either party to the dispute, and must meet established conflict-of-interest standards. Cal. Health & Safety Code § 1371.30(c)(1)-(2).

The decision obtained through IDRP, is – *at least at that point* – "binding" on both parties and must be implemented by the Plan. Cal. Health & Safety Code § 1371.30(d). However, if either party is dissatisfied with the IDRP decision, "either party may pursue any right, remedy, or penalty established under any other applicable law." *Id.* This authorization to pursue post-IDRP rights and remedies is not limited in any way by the Act, and thus permits a trial court to review an IDRP decision *de novo*, or provide any other available legal remedies. But neither party may seek a judicial determination of the appropriate reimbursement amount without first availing itself of IDRP. Cal. Health & Safety Code § 1371.31(a)(8).

---

[2] The Act contemplates that the first step in determining a reasonable reimbursement rate is an attempt at reaching an agreement between the Plan and the out-of-network provider. Cal. Health & Safety Code § 1371.31(a)(1). If the parties are unable to agree on a rate, the Act then requires the Plan to reimburse the out-of-network provider at either the greater of the average contracted rate or 125 percent of the amount Medicare reimburses on a fee-for-service basis for the same or similar services in the general geographic region in which the services are provided. *Id.*

Thus, under the Act, the IDRP decision is not "binding" in the classic sense.[3] Rather, the IDRP decision is only "binding" unless and until a party invokes any other available legal remedy. In other words, IDRP is simply a less expensive and faster dispute resolution process available to the parties as a precursor to a court action.

## THE IDRP PROVISION SATISFIES PROCEDURAL DUE PROCESS

### A. THE CONSTITUTION DOES NOT REQUIRE STATES TO PROVIDE JUDICIAL REVIEW OF ALL DISPUTES

Although the Act's IDRP provision is not "binding" in the classic sense, it would be constitutional even if it was. Due process requires notice and an opportunity to be heard before an impartial observer, and provides the right to confront and cross-examine witnesses prior to the deprivation of a life, liberty or property interest. *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970). But it is well-settled that "[d]ue process is not necessarily judicial process." *Reetz v. People of State of Michigan*, 188 U.S. 505, 507 (1903). There is no bright-line test for due process – "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

"In the context of a statutory scheme that involves compulsory arbitration, due process does not guarantee any particular form of state procedure." *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 895 (2d Cir. 1991). Rather, "a state may choose the remedy best adapted, in the legislative judgment, to protect the interests concerned provided its choice is not unreasonable or arbitrary, and the procedure it adopts satisfies the constitutional requirements of reasonable notice and opportunity to be heard."[4] *Hardware Dealers' Mut. Fire Ins. Co. of Wis. v. Glidden Co.*, 284 U.S. 151, 158 (1931).

---

[3] So-called "binding arbitration" often limits judicial review of an arbitrator's decision to instances where the decision is: (1) in excess of the arbitrator's power (i.e., outside the scope of arbitrable issues); (2) produced by corruption fraud or undue means; or (3) issued by arbitrators that are corrupt or engage in prejudicial misconduct.

[4] California has a number of statutory schemes which provide for compulsory arbitration. *See* Bus. & Prof. Code, § 6200, subd. (c) [arbitration of attorneys' fee disputes]; Lab. Code, § 2685 [arbitration of pricing and product quality disputes arising out of contracts between garment manufacturers and contractors]; Civ. Code, § 845 [arbitration of costs of maintaining right-of-way of easement]; Lab. Code, § 5275 [certain workers' compensation disputes involving claimants

Statutory schemes requiring compulsory, binding arbitration have been found valid – even where no subsequent judicial review is permitted – when applied to highly-regulated industries such as insurance or licensed professionals.  *See*, *e.g.*, *id*. at 159 [Supreme Court held Minnesota statutes requiring compulsory, binding arbitration for settlement of losses covered by fire insurance policies are constitutional, despite the fact that judicial review of the arbitration award is barred]; *Guralnick v. Supreme Court of New Jersey* (D.C.N.J.1990) 747 F.Supp. 1109, *affd*. (3d Cir.1992) 961 F.2d 209 [compulsory binding arbitration of attorney/client fee disputes constitutional even though no judicial review permitted].

### B.  COMPULSORY ARBITRATION IS CONSTITUTIONAL WHERE SUBSEQUENT COURT REVIEW IS PERMITTED

Statutory schemes requiring compulsory arbitration are even more likely to be upheld where meaningful judicial review of the arbitrator's decision is permitted.  (*See Peick v. Pension Ben. Guar. Corp*. (7th Cir.1983) 724 F.2d 1247, 1277 [compulsory arbitration constitutional where subsequent court review is permitted].  *Lyeth v. Chrysler Corp.*, *supra*, is instructive.  In *Lyeth*, the Second Circuit considered a due process challenge to the compulsory arbitration mechanism of New York's New Car Lemon Law.  *Lyeth*, 929 F.2d at 893.  The court analyzed the Lemon Law's compulsory arbitration provision, and found it to require that the arbitrator assigned to the hearing shall not have any bias or any financial or personal interest in the outcome of the hearing.  *Id*. at 896.  The court also found that the compulsory arbitration provision permitted the parties to be represented by counsel.  *Id*.  And, most importantly, the court found that the provision permitted judicial review of the arbitration decision.  *Id*.  The court stated that, "[g]iven these procedural safeguards, we conclude that the district court correctly determined that [the compulsory arbitration provision] does not deprive motor vehicle manufacturers of due process." *Id*.

/ / /

---

represented by an attorney "shall" be submitted to arbitration]; Ins. Code, § 11580.2, subd. (f) [disputes between insurers and insureds with respect to recovery of damages under uninsured motorist coverage subject to compulsory, binding arbitration].

Similar to the compulsory arbitration provision in *Lyeth*, the Act's IDRP provision requires that an "independent organization" must conduct the proceedings. Cal. Health & Safety Code § 1371.30(c)(1). The independent organization shall be independent of either party to the dispute, and cannot have a conflict-of-interest. Cal. Health & Safety Code § 1371.30(c)(1)-(2).

Also, like the compulsory arbitration provision in *Lyeth*, the IDRP provision contained in the Act permits entities authorized to act on behalf of a provider (such as an attorney) to initiate and participate in IDRP. Cal. Health & Safety Code § 1371.30(b)(4).

Finally, the IDRP provision in the Act authorizes a party to "pursue any right, remedy, or penalty established under any other applicable law" if dissatisfied with the IDRP decision. Cal. Health & Safety Code § 1371.30(d). This authorization to pursue post-IDRP rights and remedies is not limited in any way by the Act. *Id*. Hence, like the provision in *Lyeth*, the Act permits a trial court to meaningfully review an IDRP decision. *Id*. Given these procedural safeguards, the Court should conclude that that IDRP provision contained in the Act does not deprive Plaintiff of due process.

## CONCLUSION

Based on the forgoing, Plaintiff's Complaint should be dismissed, without leave to amend.

Dated: November 2, 2017                                    Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
NIROMI W. PFEIFFER
Supervising Deputy Attorney General


*/s/ Darrell W. Spence*


DARRELL W. SPENCE
Deputy Attorney General
*Attorneys for Defendants Governor's Office and the Department of Managed Health Care*

SA2016104310
12871037.docx

5

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Association of American Physicians & Surgeons, Inc. v. Edmund G. Brown, Jr. and Shelley Rouillard** | No. | **2:16-cv-02441 MCE-EFB** |

I hereby certify that on <u>November 2 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 2 2017</u>, at Sacramento, California.

| N. Sherman | /s/ N. Sherman |
|---|---|
| Declarant | Signature |

SA2016104310
12871048.docx